UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MEROLA ) <br> ) <br> Plaintiff ) <br> ) <br> vs ) <br> ) <br> ALLIANCE ONE ) <br> RECEIVABLES MANAGEMENT ) <br> INC. ) <br> ) <br> Defendant ) <br> ) | Case Number <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Michael Merola, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Michael Merola, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendants transact business in this District and maintains a primary office in the District.

## III. PARTIES

4. Plaintiff, Michael Merola, is an adult natural person residing at 520 E. 81st Street, Apt. 11G, New York, New York 10028. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Alliance One Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New York with a principal place of business located at 4850 E. Street Road, Ste. 300, Feasterville Trevose, PA 19053-6643.

6. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempts to collect consumer debts alleged to be due to another. Defendant, Alliance One Receivables Management, Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. During the month of June, 2010, Plaintiff started to receive collection calls from Defendant collecting on an alleged debt owed on a Capital One account for approximately $3,893.00.

8. During that time, Plaintiff informed the Defendant that he had retained the services of the law firm Persels & Associates, LLC to help aid him with his debt settlement negotiations and for them to call and speak with their firm directly.

9. Defendant refused to work with Persels and continued to contact the Plaintiff.

10. Plaintiff stated that he received up to thirty (30) calls in the month of June from the Defendant.

11. On or about June 30, 2010, Persels sent a "cease and desist" letter to the Defendant informing them in writing that they represented the Plaintiff and to stop all further direct calls to him. **See Exhibit "A" (letter) attached hereto**.

12. Plaintiff continued to receive collection calls from the Defendant throughout the months of July and August, 2010.

13. Plaintiff would give Defendant Persels number 800-498-6761 each time they would call.

14. On or about August 30, 2010, Persels sent a second (2nd) "cease and desist" letter to the Defendant. **See Exhibit "B" (letter) attached hereto**.

15. Defendant continued to receive calls from Defendant.

16. On or about September 8, 2010, Plaintiff received an additional call from an agent of the Defendant demanding payment on the above debt.

17. Plaintiff again asked the Defendant to call and speak with Persels.

18. Defendant again refused to work with Persels and told the Plaintiff that he had no right to be involved with a firm like that anyhow.

19. Defendant went on to tell the Plaintiff that Persels was nothing but a rip-off and that they could not get anything done on this account.

20. Plaintiff continued to receive calls throughout the month of September.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692(a)(2) | | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c) | | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Alliance One Receivables Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: October 20, 2010

BY: */s/ Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire


*/s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff